IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| IN THE MATTER OF THE MARRIAGE OF | ) ) ) | No. 40022-1-III |
| JOE ETHAN COX | ) ) ) | |
| Respondent, | ) ) | UNPUBLISHED OPINION |
| v. | ) ) ) | |
| JESSICA L. COX, | ) ) | |
| Appellant. | ) ) | |

FEARING, J. — Jessica Cox appeals one or more superior court rulings attending to a parenting plan with her former husband concerning their son. We affirm the superior court's rulings because of numerous appellate court rules violated by Cox, including the failure to cite to legal authorities to support her roaming argument.

FACTS

Jessica Cox and Joseph Cox obtained a divorce in either 2017 or 2018. The parties entered into a parenting plan following their divorce. The plan required Jessica's parents to supervise her visits with her and Joseph's minor child, E.C. Presumably, the plan granted Joseph primary residential placement. The original parenting plan is not in our record.

No. 40022-1-III,
*In the Matter of the Marriage of Cox*


PROCEDURE

From June to October 2023, Jessica Cox and her ex-husband, Joseph Cox, filed various motions or petitions to amend the parenting plan. Jessica sought to remove the requirement of a supervisor for her visitation with her son. Joseph sought a substitute supervisor for visitation because Jessica's parents no longer wished to supervise. In short, the superior court granted Joseph's petition and denied Jessica's petition.

Because of Jessica Cox's numerous filings, the superior court, in an October 11, 2023 order denying Jessica's latest motion, wrote that Jessica "continues to come to court to litigate the same issues over and over." Clerk's Papers (CP) at 101. In the order, the commissioner warned Jessica that the court would consider awarding attorney fees to Joseph if she filed additional petitions, motions, or other legal documents without a legal basis.

LAW AND ANALYSIS

Jessica Cox's assignment of error in her appeal brief recites:

> In representing myself for the first time, I (Jessica Cox) did not organize my filing in an understandable way. I also filed unnecessary repetitive motions because I was learning how to make objections in court, and failed to make objections regarding repetitive argument of the opposing party, that would have lessened the effort needed to sort through my case file. Because of this disorganization, the judge did not believe there was adequate cause to remove custodial oversight. A request for reorganization of my file could have been made before the judge reviewed it, with an extension of time requested CR 802-803. This would have guarded against error and lessened the time it would have taken to sort through the material. Please take note of how I, Jessica Cox, state in my proceeding argument,

2

> that the statements I gave to the court (CP 82-84) prove the false allegations
> should not be, or should not have been considered as reason for custodial
> oversight. They had nothing to do with a child, or were in defense of a
> child when no child was present.

Br. of App't at 3-4. We read this assignment of error as faulting the superior court for failing to give Cox time to organize the clerk's file and for considering false allegations about her conduct.

Jessica Cox fails to cite any legal authority to support the argument that a court must afford a party an opportunity to organize the clerk's file. She fails to identify what false allegations the trial court considered and never addresses the trial court's discretion in determining what allegations are false and what allegations are true. We do not review a trial court's decision regarding witness credibility or the persuasiveness of the evidence. *In the Matter of Detention of A.F.*, 20 Wn. App. 2d 115, 125, 498 P.3d 1006 (2021).

Under RAP 10.3(6), the argument section of an appellant's opening brief should contain "[t]he argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." Without argument or authority to support it, an appellant waives an assignment of error. *Bercier v. Kiga*, 127 Wn. App. 809, 824, 103 P.3d 232 (2004). This court need not consider arguments for which a party fails to support with citations to legal authority. *Bercier v. Kiga*, 127 Wn. App. 809, 824 (2004); *Satomi Owners Association v. Satomi, LLC*, 167 Wn.2d 781, 808, 225 P.3d 213 (2009).

No. 40022-1-III,
*In the Matter of the Marriage of Cox*

CONCLUSION

We decline to review the merits of Jessica Cox's appeal because of her failure to comply with court rules and forwarding arguments not supported by authority. We affirm the superior court's rulings.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Cooney, J.

_____
Lawrence-Berrey, C.J.

4